511 P.2d 1284

**Robert D. KLEIN, Plaintiff and Respondent,**

v.

**Mary Avalon KLEIN, Defendant and Appellant.**

No. 13164.

Supreme Court of Utah.

July 5, 1973.

**2**

Harley W. Gustin, Gustin & Gustin, Salt Lake City, for defendant and appellant.

James R. Brown, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice.

Although defendant was awarded a decree of divorce upon her counterclaim, she appeals, claiming that the court was biased against her and abused its discretion in regard to the property settlement.

One of the assets of the plaintiff was an option to purchase some land from the Seegmillers, which option was exercised after trial, but before final judgment was entered in the case.

■ Some five weeks before trial the court made and signed an order as follows:

. . . Defendant is restricted from contacting George H. Seegmiller and/or Maude M. Seegmiller but that the Defendant is able to obtain an appraisal if she so desires for the properties owned in Washington County but that because of the particular circumstances of the contract negotiations with George and Maude Seegmiller Defendant is ordered not to personally contact said individuals.

This seems to be a rather unusual order, However, it did not prevent defendant's counsel from contacting the Seegmillers and securing all of the information needed at trial. The Seegmillers were not called as witnesses, and it is difficult to see how prejudice resulted from the order.

Another asset of the plaintiff was an option to purchase land from Wanda Sandberg. After trial of the case and before final judgment was entered, plaintiff's counsel received a letter from Wanda Sandberg's attorney claiming that the option had been terminated and was of no value. Counsel sent this letter to the trial judge.

■ We think this was highly improper and may have been prejudicial in case it caused His Honor to believe the assets of plaintiff were less than they really were. However, even if such were the fact, it is not necessary to grant a new trial in this matter. The last paragraph of the decree of divorce reads as follows:

The court further retains limited jurisdiction if within one year either party proves to be suffering serious financial distress because of this decree based on decisions and ensuing developments arising therefrom not capable of evaluation and effect at this time, the court will review its ruling and determine whether modification should be made.

**3**

The judge who tried this case has been retired because of age, and another judge will hear any future matters, so that counsel's fear of bias is of no import.

 If the decree causes financial distress, the ruling made can be reviewed if within one year after final judgment either party requests it. It would seem that the exercising of the Seegmiller option and the effect of the letter from Wanda Sandberg's attorney may fall within the category of things which occurred after trial and which should be within the reservation in the decree, inasmuch as the amended decree dated November 22, 1972, copied the exact language of the original decree signed June 26, 1972.

Another possible reason for having the matter looked at within a year is the distribution of the assets. The decision of the court was based upon an assumption that the net value of the assets of the plaintiff was $225,090, and in awarding one-half thereof to the defendant, the court gave her a home valued at $103,000. It may be that she will be in financial distress in trying to maintain such a home for herself and three minor children on alimony of $300 per month and $100 per month as support money for each child. To maintain herself and the children in the status to which they have been accustomed may be well beyond her means, including her own earnings, and the decree may cause her financial distress.

Having confidence in the integrity of our trial courts and the ability of the judges to review the matter if presented to them, we affirm the judgment rendered and leave it to the lower court to determine if a modification should be made.

No costs are awarded.

CALLISTER, C. J., and CROCKETT and TUCKETT, JJ., concur.

HENRIOD, J., does not participate herein.